**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**DONALD BETHEA,**

    **Plaintiff,**

v.                                        **CASE NO. 8:07-CV-813-T-EAJ**

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**

    **Defendant.**

_____/

**ORDER**

Before the court is Plaintiff's **Application for Attorney Fees under the Equal Access to Justice Act** (Dkt. 30). Plaintiff requests an award of attorneys' fees in the amount of $4,573.66 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (1992).   Defendant has no objection to Plaintiff's application (Dkt. 34).

Plaintiff represents that the amount of attorneys' fees requested consists of 27.1 hours of work in 2007 and 2008 at a rate of $168.77 per hour by attorney Nora Leto, Esq. for a total of $4,573.66.  As will be discussed infra, Plaintiff has satisfied all jurisdictional requirements for this court to grant the instant motion for attorneys' fees.

The EAJA permits an award of "fees and other expenses" to an individual who prevails in a suit in which the government is a party and the government's litigating position was not "substantially justified," unless special circumstances make an award unjust. § 2412(d)(1)(A). This court's order remanding this case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g)  (Dkts. 27, 28, 29) entitles Plaintiff to prevailing party status under the EAJA because Plaintiff obtained a "sentence four" judgment.  Shalala v. Schaefer, 509 U.S. 292, 302-03

(1993). In this case, the Government's position was not substantially justified.

The EAJA requires a party seeking an award of fees to submit an application for such fees to the court "within thirty days of final judgment in the action." § 2412(d)(1)(B). The EAJA defines "final judgment" as a judgment that is "final and not appealable." § 2412(d)(2)(G). Thus, in sentence four cases, the period for requesting an award of fees begins after the final judgment is entered by the court and the appeals period has run, so that the judgment is no longer appealable. Schaefer, 509 U.S. at 298. See also Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Boronat v. Sullivan, 788 F. Supp. 557, 559-60 n.3 (S.D. Fla. 1992) (thirty-day period for filing EAJA application for attorneys' fees begins after the court enters final judgment and the sixty-day appeals period has run).

Judgment for Plaintiff was entered on January 16, 2008 (Dkt. 29), and Plaintiff's motion for attorneys' fees (Dkt. 28) was filed on April 15, 2008. By the date of this order, the sixty-day appeals period has run and the court's remand order has become the final judgment and is no longer appealable. Accordingly, this court has jurisdiction to award the requested fees.

Moreover, as the hourly rate and number of hours are not in dispute, the court finds it unnecessary to determine whether the application, if contested, otherwise complies with the EAJA. This court will therefore grant Plaintiff's request for attorneys' fees.[1]

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's **Application for Attorney Fees** (Dkt. 28) is **GRANTED**; and

---

[1] The motion clearly requests that fees be paid to Plaintiff, not Plaintiff's counsel (Dkt. 30 at 1). An award of attorneys' fees to the prevailing party under EAJA belongs to the party and not the party's attorney. Reeves v. Barnhart, No. 07-11404, 2008 U.S. App. LEXIS 9633, at*4 (11th Cir., May 5, 2008).

(2)     Plaintiff shall be awarded $4,573.66 in attorneys' fees.

**DONE AND ORDERED** in Tampa, Florida this 16th day of May, 2008.

_____
ELIZABETH A JENKINS
United States Magistrate Judge